CARTER, Judge:
Defendant was originally charged by bill of information with having committed the crime of aggravated burglary in violation of LSA-R.S. 14:60. Defendant entered a plea of not guilty to this charge, but pursuant to a plea bargain agreement wherein the State agreed not to bill defendant as a multiple offender, defendant changed his plea from guilty to the reduced charge of simple burglary in violation of LSA-R.S. 14:62. In the plea bargain agreement, it was made abundantly clear to the defendant that there was no agreement as to the length of sentence. Defendant was subsequently sentenced to twelve (12) years at hard labor, the sentence to run consecutively with a sentence defendant was serving in Plaquemines Parish.
The only assignment of error is that the court imposed an excessive sentence.
We affirm.
The trial judge did an excellent job in individualizing the sentence and complying with Code of Criminal Procedure art. 894.1. In sentencing the defendant, the following occurred:
“BY THE COURT:
The plea that was entered by Mr. Edwards was not a plea to aggravated burglary, but was a plea to simple burglary, with the State agreeing not to multiple bill the defendant.
The factual basis given to the court indicates that on or about January 27, 1982, Mrs. Amelia Athey reported a burglary of her residence sometime during the morning hours of January 26, 1982. An investigation was conducted. The detectives met with the defendant’s mother who was the neighbor of the victim. Defendant’s mother gave her consent to search her residence and premises. On the premises were found a cigarette lighter which was brought to the defendant and identified that it belonged to the defendant and having been found by the window to the residence that was burglarized. The jewelry and other merchandise that was taken in the burglary was also found as a result of the consent search. Based upon this information, the arrest was made.
Court has received the presentence report. The report indicates that on June 29, 1973, this defendant was arrested and charged with aggravated burglary and possession of stolen property. On October 18, 1973, on count one, the defendant was sentenced to serve a term of five years at hard labor. This sentence was suspended. He was placed on probation, and the charge of possession of stolen property was dismissed.
On December 29, 1974, he was charged with simple burglary, and on July 5,1975, he was sentenced as a habitual felon and as a probation violator and received seven years at hard labor.
On April 24, 1981, this defendant was arrested in Plaquemines Parish on a sim- *604 pie burglary charge, and on May 10,1982, was sentenced to serve a term of one year in the Plaquemines Parish Prison.
On January 29, 1982, the defendant was arrested in St. Tammany Parish on the instant offense.
Is this an accurate description of your prior criminal record?
BY THE DEFENDANT:
Yes, Sir.
BY THE COURT:
At the time the plea was received by the Court, the Court made no commitment insofar as the sentence to be imposed. Reviewing this defendant’s record and addressing the sentencing guidelines, first for factors concerning suspended sentences and probation, that this defendant’s prior criminal record, he is not eligible for a suspended sentence and probation. The Court does not feel that there’s anything in the record of this defendant that indicates he would respond to probationary treatment. It’s obvious that with his record, his attitude, recidivism is quite likely. Were the defendant on the street and available to commit burglaries, with his record, the Court feels that he would again become involved in criminal activities. This defendant, except for the period he was incarcerated, from 1973 through 1982, has been charged with aggravated burglary, simple burglary, simple burglary, and finally here in St. Tammany Parish with the aggravated burglary that was reduced to simple burglary. The fact of the matter is that no compensation or restitution is involved in this matter. The victim obviously did nothing to induce or facilitate the crime. There are no mitigating factors that are involved in this case that are a defense. The defendant had no provocation, whatsoever, to commit this offense other than a total lack of affinity for work. These are the type of offenses that threaten serious harm, especially in the event this defendant had been confronted in the victim’s residence. The Court feels that this defendant is clearly in immediate need of correctional treatment and that there is an undue risk that other crimes would be committed during a period of suspended sentence or probation.
Court further feels that a lesser sentence would deprecate the seriousness of this defendant’s crimes. This defendant in 1973 was given his chance. He was given a suspended sentence and probation on an aggravated burglary charge. Subsequently that probation was revoked and he was sentenced to serve seven years. After serving the appropriate time, he was released, and it’s obvious he learned nothing while he was in prison that would tend to rehabilitate him. He has continued his ' efforts to commit burglaries. And it becomes obvious to the Court that there is nothing that this Court can do to protect society other than get this defendant off the streets.
Defendant having stated to the Court that he was twenty-six years of age, having entered a plea of guilty to the charge of simple burglay, Court sentences him to serve a term of twelve years at hard labor in the custody of the Louisiana Department of Corrections. This sentence is to run consecutively with the sentence he is presently serving in Plaquemines Parish.”
We agree that this defendant is clearly in need of correctional treatment and that there is an undue risk that other crimes would be committed during a period of suspended sentence or probation. We also agree that there is little hope of effective rehabilitation. We find no abuse of discretion. The sentence is affirmed.
AFFIRMED.